

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KEVIN SROGA,  )  No. 18-cv-03611
      Plaintiff,  )  Judge: Charles R. Norgle, Sr
vs.  )  Magistrate: Sidney I. Schenkier
)
S&S Officer LeRoy Kaminiski # 443 & John  )
Doe E&R Tow Operators' along with E & R  )
Towing Co.(a.k.a. United Road Towing)  )  JUDGE
Individually, and THE CITY OF CHICAGO,  )
      Defendants,  )
)  Magistrate Judge
)
)  **RECEIVED**
)  JURY DEMANDED
)  MAY 2 2 2018
)  EC.
)  THOMAS G. BRUTON
)  CLERK, U.S. DISTRICT COURT

## CIVIL COMPLAINT

**Now comes the Plaintiff,** Kevin Sroga, who complains to this Court with the following whereby stating as follows:

## INTRODUCTION

1. This action is being brought pursuant to the Laws of the United States Constitution, specifically under 42 U.S.C 1983, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff that were accomplished by acts and/or omissions that the Defendants committed under color of state law.

2. This is a civil action seeking damages against those defendants for committing acts under color of state law, whereby depriving plaintiff of rights and immunities secured to him under the constitution and the laws of the United States.

1

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, the Judicial Code, 28 U.S.C. & 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. Section 1367 (a).

4. Venue lies in the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. section 1391, because all events or omissions giving rise to these claims occurred in this District.

## PARTIES

5. At all times herein mentioned, Plaintiff, **KEVIN SROGA** ("Sroga" or "Plaintiff") is a reasonable person who has always been a citizen of the United States residing within the City of Chicago and in jurisdiction of this Court.

6. At all times herein mentioned, Defendant Streets & Sanitation Star # **443** Leroy Kaminski ("**Kaminski**") was employed by the City of Chicago, Department of Streets and Sanitation acting under color of state law as an employee, agent, and or a representative for the City of Chicago that deprived Plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. This Defendant is being sued in her individual and personal capacity.

7. At all times herein mentioned, Defendant E & R Towing (*aka* United Road Towing) was granted a contract to tow for the City of Chicago, Streets and Sanitation Department who were acting under color of state law as an employee, agent, and or a representative for the Chicago Department of Street & Sanitation Department for the City of Chicago that deprived plaintiff of rights, privileges and immunities secured to him under the laws enacted under the Constitution of the United States. These Defendants are being sued in her individual /personal capacity.

8. At all times herein mentioned, all Defendant Officer agents' **JOHN and JANE DOE'S** whose identities which are unascertainable at this present time, ("**John and Jane Doe's**") were employed by or working for the City of Chicago as agents of such who were acting under color of state law as employees, agents, and or representatives for the City of Chicago who deprived plaintiff of rights, privileges and immunities secured to him under the laws enacted under the United States Constitution. These defendants are being sued in their individual/personal capacities.

9. At all times herein mentioned, the **CITY OF CHICAGO** was a political sub division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and /or operated the Department of Streets and Sanitation under their own municipal powers.

## STATEMENT OF FACTS

10. On or about April 18th 2018, Tow Trucks operated by E & R Towing and or private tow trucks subcontracted through them through United Road Towing (a.k.a. E & R Towing) unlawfully towed several vehicles belonging to plaintiff whereby unlawfully seizing plaintiff's vehicles off of private property within the City of Chicago within this Court's Jurisdiction in violation of plaintiff's 4th Amendment Rights to the U.S.C.

11. As this occurred, these tow trucks in question not only caused substantial damage to plaintiff's vehicles, but they also caused damage to plaintiff's neighbor's garage whereby breaking and shifting plaintiff' neighbor's concrete cider-block wall whereby shifting the wall to a position making it impossible for his neighbor to utilize his own garage by not allowing him to raise or lower his overhead garage door.

3

12. Plaintiff further reiterates that these vehicles were not in violation of any federal, state or municipal violations when they were unlawfully seized and towed.

13. Shortly thereafter, plaintiff contacted the city's Law Department for inter alai, to find out why his vehicles were being unlawfully towed of off private property.

14. Shortly thereafter, (a day or two) it was explained to plaintiff by the city Law department, that the towing of his vehicle's were essentially a mistake and that they would not only be returned to him, but that they would be placed back onto the property from where they were towed off of, the location of 3321 w. Crystal Chicago.

15. Guess What?! That never happened, instead of the City honoring what they had essentially promised to do, they dropped these vehicles off on the street at approximately 1205-1214, & 1215 N. Spaulding Ave. and didn't even notify plaintiff that they had done so.

16. Unannounced to Plaintiff, these vehicles sat unlawfully on the public way from April 20th 2018 until plaintiff had an opportunity to check upon them in the early morning hrs. of May 3rd 2018 @ approximately 7:30 am.

17. Furthermore, as a direct result of both E & R's (or United Road Towing) and the City's carelessness and Negligence, all three vehicles were broken into and their contents stolen.

18. Representatives from either the City and E & R Towing (or United Road Towing) failed to notify or inform plaintiff that they "dropped his vehicles off onto the street" especially after being informed that "they were going to be returned to him and placed back onto the property."

4

19. A Burglary report in connection to the Burglaries in conjunction to plaintiff's claims can be found under **JB-250759**.

20. To make matters even worse, other vehicles that were located on the property came up missing and stolen shortly after this occurred.

21. *You See*, this City has a major problem with Tow Truck Drivers running rogue stealing other peoples cars and then scrapping them, by the time they're reported stolen and entered into the Stolen Vehicle System of on a "*Hot Sheet*" they're already gone being crushed and scrapped to never surface again.

22. This is a wide spread problem currently running rampant throughout this City on a daily basis and that's exactly why plaintiff had secured his vehicles the way he had with the ones the City had unlawfully towed by utilizing those vehicles in blocking in his other vehicles and assets!

23. But thanks to the City, all of plaintiff's other vehicles were essentially stolen by other rouge tow truck operator's'.

24. The vehicles plaintiff had blocking in other vehicles on the property located at 3321 w. Crystal could not be removed by a regular tow truck because of their weight and size, once those vehicles were unlawfully removed by this great the City of Chicago, other assets plaintiff had on the property came up stolen.

25. Such conduct displayed by these officers was "Conscience Shocking."

26. Furthermore, an unlawful/unreasonable seizure under the Fourth Amendment not only applies to persons, but also applies to a person's property as it not only protects against unlawfulness of the seizure, it also protects against the Unreasonableness as well.

27. By reason as of the direct and proximate result of these wrongful actions and

5

omissions as described above by these Defendants - Plaintiff sustained great and still continues to suffer substantial injuries including, but not limited to, traumas, humiliation and indignities, financial loss, loss of personal property, undue stress, physical, mental and other emotional distresses and mental anguish, pain and suffer -ing, pecuniary damages, all to his damages in an amount to be ascertained later.

28. These aforementioned acts of these Defendants were willful, wanton, malicious, oppressive and done with a reckless indifference to and / or callous disregard for plaintiff's constitutional rights and justify the award of exemplary and punitive damages in an amount to be ascertained according to proof at time of trial.

29. Plaintiff in this cause did not consent to any of the actions undertaken by these named defendants as property too can be illegally seized in violation of the constitution and the laws enacted there under.

## COUNT I

**PLAINTIFF AGAINST AGENT # 443 FROM THE STREETS & SANITATION DEPARTMENT, E&R TOWING (A.K.A. UNITED ROAD TOWING) IT'S SUBCONTRACTED AGENTS' & THE CITY OF CHICAGO FOR VIOLATION THE 4TH AMENDMENT PURSUANT TO ILLEGALLY SIEZING PLAINTIFF'S PERSONAL PROPERTY**

30. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

31. On April 18th 2018, Defendants' unlawfully removed several vehicles owned by plaintiff which were parked on private property without any lawful cause to do so.

32. These named defendants were the proximate cause to both plaintiff and his personal property being illegally seized in violation of the fourth amendment to the U.S.C. as his vehicles were lawfully parked on private property not being in violation of any Federal, State or Municipal Ordinance of this City or State.

33. In committing these acts of misconduct described herein, Defendants' committed them while acting under color of state law as the employees', agents', and or representative's for the City of Chicago, Department of Streets and Sanitation Division who deprived plaintiff of rights, privileges, and immunities secured to him under the 4th Amendment enacted under the United States Constitution.

34. Defendants unlawful acts resulted in the unlawful seizure of several of plaintiff's vehicles which has created and still creates an undue burden and hardship on the plaintiff which resulted in the constitutional deprivation of plaintiff's rights, securities, property, benefits, use thereof as well as creating extreme emotional distress and a loss of any financial gain.

35. By reason of the defendants conduct, plaintiff was deprived of rights, privileges and immunities secured to him under the fourth as reinforced under fourteenth amendments (under equal protection clause) under the Constitution of the United States and laws enacted thereunder.

36. Therefore, defendants are liable for violation(s) to plaintiff's fourth amendment rights secured to him pursuant to 42 U.S.C Section 1983.

## COUNT II

### PLAINTIFF AGAINST DEFENDANTS FOR EQUAL PROTECTION OF LAWS IN VIOLATION OF THE 14TH AMENDMENT

37. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

38. On April 18th 2018, Defendants – by way and through their agents actions engaged in egregious conduct whereby not only illegally seizing plaintiff's personal property, but by damaging it and his neighbor's garage wall as well, such

conduct in unlawfully towing and then damaging plaintiff's property in violation of the fourth amendment was not only illegal, but was "***conscience shocking***" whereby engaging in such egregious conduct in relation to illegally seizing plaintiff's vehicle without any just cause being the proximate cause of plaintiff's personal property being illegally seized all in violation of the 4th amendment.

39. In committing these acts of misconduct described herein, these defendants' committed them while acting under color of state law and as the employees', agents', and or a representatives' from the City of Chicago, Department of Street & Sanitation Department that deprived plaintiff of rights, privileges, and immunities secured to him under the laws enacted under the U.S. Constitution.

40. These defendant agents' unlawful acts resulted in the unlawful seizures of plaintiff's personal property which lead to vehicle auto theft of eight other vehicles of his which created and still creates an undue burden and hardship on this plaintiff which resulted in the deprivation of plaintiff's rights, property, benefits, use thereof as well as extreme emotional distress and a loss of financial gain.

41. By reason of these defendant Officers conduct, plaintiff was deprived of rights, privileges and immunities secured to him under the fourth as reinforced under fourteenth amendments (under equal protection clause) under the Constitution of the United States and laws enacted thereunder. Therefore, these defendants and each of them are liable for violation(s) to Plaintiff's fourth amendment rights pursuant to 42 U.S.C Section 1983.

## COUNT III
## NEGLIGENCE

### PLAINTIFF AGAINST DEFENDANTS' ON A COADUNATED
### CLAIM OF NEGLIGENCE

42. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

43. The City owed a duty of care to plaintiff to refrain from illegally towing his personal vehicles parked on private property which were not violating any Federal, State or Municipal Laws / Ordinances, and even if they had been in violation which may have given rise to such towing, these agent officers needed to do so with such duty and care not as to not damage plaintiff's personal property

44. As a direct result, plaintiff sustained damages as a direct result of this egregiousness on behalf of said defendants' to include eight of his vehicles stolen and three others sustaining outside physical damages as well as being Burglarized while being unlawfully dropped on the street without ever notifying plaintiff of having done so.

45. In consideration of the above actions and or inactions taken on behalf of these named defendants' (through their officer agents' actions or inactions) owed plaintiff a duty of care which was clearly breached, such breaching of this duty of care owed to plaintiff was in fact the Proximate and Actual Cause of Plaintiff's injuries as a direct result thereof (which could have been prevented) which resulted in undue injuries against plaintiff because of such Negligence on behalf of these named defendants.

## COUNT IV
### GROSS NEGLIGENCE
### PLAINTIFF AGAINST ALL NAMED DEFENDANTS ON A COADUNATED
### CLAIM *CULPA LATA* OR GROSSLY NEGLIGENT

9

46. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

47. The City owed a duty of care to **plaintiff** to refrain from illegally towing his personal vehicles parked on private property which were not violating any Federal, State or Municipal Laws / Ordinances, and even if they had been in violation which may have given rise to such towing, these agent officers needed to do so with such duty and care not as to not damage plaintiff's personal property

48. As a direct result, plaintiff sustained damages as a direct result of this egregiousness on behalf of said defendants' to include eight of his vehicles stolen and three others sustaining outside physical damages as well as being Burglarized while being unlawfully dropped on the street without ever notifying plaintiff of having done so.

49. In consideration of the above actions and or inactions taken on behalf of these named defendants' (through their officer agents' actions or inactions) owed plaintiff a duty of care which was clearly breached, such breaching of this duty of care owed to plaintiff was in fact the Proximate and Actual Cause of Plaintiff's injuries as a direct result thereof (which could have been prevented) which resulted in undue injuries against plaintiff because of being grossly negligent on behalf of these named defendants'.

50. The aforementioned actions on behalf of these defendants' were willful, wanton and egregious in nature whereby displaying an utter indifference and carelessness in a reckless disregard for the rights and property rights in relation to plaintiff's property in not only savagely unlawfully removing plaintiff's vehicles from personal private property, but by also dropping said vehicles upon a city street

whereby failing to notify others and failing to properly secure plaintiff's vehicles from being burglarized while upon said city street.

## COUNT V

### *MONELL CLAIM*

**PLAINTIFF AGAINST DEFENDANT CITY OF CHICAGO FOR FAILURE TO MONITOR, TRAIN & SUPERVISE**

51. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

52. The Defendant City of Chicago is a Municipal corporation established under its own "Home Power Rules" and Regulations.

53. The Defendant City of Chicago failed to take the necessary precautions to adequately Train, Monitor, Supervise, and or Discipline its agent officers.

54. These Defendants, the City of Chicago and its officers intentionally worked "deliberate indifference" to plaintiff's constitutional rights in connection to this cause.

55. These deliberate indifferences can only be attributed to the City of Chicago's "Failure to Monitor, Train, Supervise and or Discipline its agents."

56. Under *Monell*, a local government can be sued under 42 U.S.C. sections 1983, when the local government's failure to train its officer agents constitutes a "*deliberate indifference*" to a person's constitutional rights, the local government is liable to that person for his injuries. *Canton v. Harris* U.S. 378, 388-89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). **Rejecting** that *Monell* <u>*only applies to a written policy which led to the constitutional deprivation*</u>.

## COUNT VI
**PLAINTIFF AGAINST DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

11

57. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

58. Defendant City officer defendants' and through their agents' while acting under color of state law, deprived plaintiff of multiple constitutional rights, securities, privileges and immunities secured to him under the fourth and fourteenth amendments of the United States Constitution.

59. This conduct complained of transpired during the Defendants scope of employment working for the City of Chicago as Streets & Sanitation officer agents' or other agents through the City of Chicago representing and providing a service for the department of Streets & Sanitation Department.

60. These willful acts of misconduct by all named Defendants as set forth in this aforementioned complaint were extreme, outrageous, wanton, and were undertaken with malice, a willfulness and reckless indifference to the plaintiff's constitutional rights.

61. These Defendants actions were intended to cause by exercising a reckless disregard of the probability that their conduct would cause, severe emotional distress to plaintiff in addition to violating plaintiff's rights secured to him under the U.S.C.

62. As a direct and proximate result of these defendants wrongful acts and conduct, defendants did so directly and proximately cause plaintiff to suffer severe and extreme damages including, but, not limited to, financial, severe mental and emotional distress, physical damage to his said properties, mental distress and anguish, anxiety, fear, humiliation, traumas, loss of personal property, all in relation to inflicting intentional infliction of emotional distress.

# COUNT VII

### PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

64. Defendants and the City and its officer defendant agents owed plaintiff a duty of care by and through their agents' whom were acting under color of state law, who acted egregiously whereby depriving plaintiff (a direct victim) of his constitutional rights, securities, privileges and immunities secured to him under the fourth and fourteenth amendments of the United States Constitution.

65. The conduct complained of transpired during the Defendants scope of employment working for the City of Chicago as Streets & Sanitation officer agents' or other agents through the City of Chicago representing and providing said services for the department of Streets & Sanitation that breached such duty of care.

66. These acts in the alternative of being willful and negligent of misconduct by all named Defendants as set forth in this aforementioned complaint were extreme, outrageous, wanton, and were undertaken with such malice, and with a willful and reckless indifference to the plaintiff's rights were in fact the proximate cause of plaintiff's injuries in connection to the aforementioned claim.

67. These Defendants actions were intended to cause by exercising a reckless disregard of the probability that their conduct would cause, severe emotional distress to plaintiff in addition to violating plaintiff's rights secured to him under the U.S.C.

68. As a direct and proximate result of these defendants egregious acts of misconduct, defendants did so directly and proximately caused and continues to cause plaintiff to immediately suffer severe and extreme emotional responses to including, but, not limited to, financial stress, severe mental and emotional distress, physical damage to his said properties, mental distress and anguish, anxiety, problems sleeping, other traumas, loss of personal property, all in relation to these defendants' inflicting negligent infliction of emotional distress upon him.

## COUNT VIII

### MUNICIPAL LIABILITY

**UNDER *VICARIOUS LIABILITY* PURSUANT TO *RESPONEAT SUPERIOR* THEORY OF MUNICIPAL LIABLITY PURSUANT TO 745 ILCS 10/2-109**

69. Plaintiff hereby re-alleges and reincorporates all previous paragraphs.

70. All Defendants either are or were members of the Chicago's Streets & Sanitation Department and or agents working for the City of Chicago as agents of such.

71. In committing these willful and wanton acts against plaintiff, these defendants committed them while acting under color of state law during the scope of their employed activities.

72. Defendant City of Chicago is the primary employer of defendant S & S # 443 and has contracted all other named Defendants through E & R and United

Road Towing Inc. essentially referring to these individuals to as "City Agents" & "City Tow Trucks."

73. As a proximate cause of these Defendant Officers unlawful acts which occurred within their scope of employed activities, plaintiff suffered severe and extreme damages including but not limited to, financial, severe psychological, mental and emotional distress, physical damage to his and his neighbor's property , mental distress and anguish, humiliation, traumas, loss of other personal property.

74. **Pursuant to section 10/2-109** governs the City's (potential) liability pursuant to *Respondeat Superior or Vicarious Liability,* as this theory of liability "**does not explicitly preclude**" a plaintiff from using such theory to establish a public entity's liability; rather, **it only says that a public entity cannot be vicariously liable *if its employee is not liable***. See *Frazier v. Harris* 266 F. Supp 2d 853, 872 (C.D. Ill 2003). ("*The City is also immune because the individual employees are immune.*").Also see, *Freelain v. Village of Oak Park & Dina Vardal* **13 CV 03682** Doc. # 46 @ Pg. 23.

75. In other words, if the City's agents are held liable, then the City too can also be held *Vicariously Liable* pursuant to **745 ILCS 10/2-109** which states *"[a] local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable."*

76. Pursuant to **745 ILCS 10/2-109** and *respondeat superior theory of municipal liability,* Defendant **CITY OF CHICAGO**, as a principal, is liable for its agents' actions.

15

## COUNT IX

### Indemnification Claim Pursuant to 745 ILCS 10/9-102

77. Illinois law provides that public entities are directed to pay any tort judgment compensatory damages from which employees are liable within the scope of their employment activities.

78. The acts of the individual Defendant – Officers described in the above claims were willful, wanton and were maliciously committed during the scope of their employment.

79. Pursuant to the **Illinois Tort Immunity Act**, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant aforementioned personnel and its officer agents'.

**WHEREFORE**, Plaintiff Kevin Sroga, respectfully moves this Honorable Court to enter judgment as follows against these defendants, and each of them on every claim:

a) That the defendants be required to pay plaintiff, compensatory damages including extreme emotional distress, in a sum to be determined at trial;

b) Award special damages in a sum to be determined at trial;

c) Award extreme exemplary and punitive damages, in a sum to be determined at trial;

d) Require the defendants to pay the plaintiffs costs of the suit herein incurred;

e) Require these named defendants pay for any and all damages (including damages in relation to his neighbors garage wall) as a direct result of this egregious conduct;

f) Require and or Award any such other and or additional relief that this Honorable Court deems equitable and just;

g) Order Defendant CITY OF CHICAGO to indemnify the defendant-officer agents for any judgments entered in this case arising from their egregious actions.

**This Plaintiff, Kevin Sroga, Hereby Requests a Trial by Jury on each and every Count of his Compliant**

Respectfully submitted,

*/s/ Kevin Sroga*

**Kevin Sroga, Pro Se Plaintiff**

Kevin Sroga
7915 w. Cressett Dr.
Elmwood Pk, IL 60707
(773) 401-2716